J-A01042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMIAS SANCHEZ | : | |
| | : | |
| Appellant | : | No. 2229 EDA 2021 |

Appeal from the PCRA Order Entered October 7, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0406041-2005

BEFORE: LAZARUS, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY LAZARUS, J.: **FILED APRIL 4, 2023**

Jeremias Sanchez appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Counsel has filed an **Anders**[1] brief and an application to withdraw as counsel. Upon careful review, we affirm the order of the PCRA court and grant counsel's application to withdraw.

---

[1] Counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), apparently in the mistaken belief that an **Anders** brief is required where counsel seeks to withdraw on appeal from the denial of PCRA relief. A **Turner**/**Finley** no-merit letter, however, is the appropriate filing. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc). Because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter. **Commonwealth v. Fusselman**, 866 A.2d 1009, 1111 n.3 (Pa. Super. 2004).

The PCRA court summarized the lengthy background of this case as follows:

On July 26, 2005, [Sanchez entered into a negotiated guilty plea] to two counts of [p]ossession [w]ith [i]ntent to [d]eliver (PWID). Pursuant to his negotiated plea, this [c]ourt sentenced Sanchez to one year in the intermediate punishment program [(IPP)], which included long-term inpatient drug treatment, plus one year [of] reporting probation. [Sanchez] was ordered to successfully complete drug treatment, seek and maintain employment, undergo random urinalysis, stay out of trouble with the law, perform 20 hours of community service[,] and pay costs and fines.

Shortly thereafter, [Sanchez] absconded from the drug treatment program. He appeared before this [c]ourt on January 13, 2006[,] for his first violation hearing. This [c]ourt found [Sanchez] in technical violation and ordered a 90[-]day modification of his IP[P] sentence. On March 9, 2006, [Sanchez] was paroled to an inpatient drug treatment program[, where h]e once again absconded[.] He was apprehended more than a year later on April 30, 2007. This [c]ourt found him in technical violation, revoked his IP[P] probation, and sentenced him to 11[]½ to 23 months['] county incarceration plus 3 years [of] reporting probation on each charge to run concurrently[.]

On April 1, 2009, [Sanchez] was arrested and charged with PWID and criminal conspiracy. He appeared before this [c]ourt on March 25, 2010[,] and pled guilty to these charges. [Sanchez] was recommended to participate in the state [IPP] program[]; however, [Sanchez] got into a fight in jail while awaiting state [IPP] approval and, as a result, his request to participate was denied. On September 17, 2010, this [c]ourt sentenced him to 2 ½ to 5 years [of] state incarceration[,] plus 5 years['] reporting probation on all three of his cases[,] to run concurrent with one another.

[Sanchez] was released on parole on April 6, 2014. On October 21, 2014, he was arrested in Luzerne County and charged with burglary and related charges. He pled guilty . . . and was sentenced to 18 to 36 months['] incarceration.

On May 9, 2017, [Sanchez] appeared before this [c]ourt for his fourth violation hearing[, after which t]his [c]ourt found him in direct violation and revoked his probation. [Sanchez] was sentenced to another [three] to [six] years [of] state incarceration on each case[,] to run consecutively with one another, for an aggregate sentence of [six] to [twelve] years['] incarceration. This [c]ourt further ordered that this sentence run consecutive[] to the burglary sentence he was already serving. [Sanchez] filed a *pro se* motion for reconsideration. The Defender Association of Philadelphia also filed a petition to vacate and reconsider sentence. On June 16, 2017, the Defender Association filed a PCRA petition, alleging [its] own ineffectiveness for failure to file a timely notice of appeal as requested by [Sanchez]. PCRA counsel was appointed and [Sanchez]'s appellate rights were reinstated[,] *nunc pro tunc*[,] on September 11, 2017. PCRA counsel failed to file a notice of appeal within 30 days. Instead[,] he filed [a notice of appeal] more than six months later on March 12, 2018. On June 1, 2018, the Superior Court quashed [the appeal] as untimely.

On September 13, 2018, [Sanchez] filed a second PCRA petition, requesting new counsel and reinstatement of his appellate rights. New PCRA counsel was appointed and his appellate rights were reinstated[,] *nunc pro tunc*[,] for a second time on January 17, 2019. PCRA counsel never filed a notice of appeal. On April 11, 2019, this [c]ourt removed counsel and appointed a new attorney. New counsel filed [two] timely notice[s] of appeal on April 25, 2019.[2] On December 5, 2019, [Sanchez]'s appeal docketed as 1301 EDA 2019 was dismissed by the Superior Court for counsel's failure to file an appellate brief. This included both docket numbers CP-51-CR-0406041-2005[, the above-captioned case,] and CP-51-CR-0701981-2005. His appellate docket 1300 EDA 2019 was not included in this dismissal.

On August 21, 2020, [Sanchez] filed a third[, the instant,] PCRA petition. New PCRA counsel was appointed and on October 16, 20[20], counsel filed an amended petition, requesting that

---

[2] It appears from the record that Sanchez filed two separate notices of appeal, and each notice contained multiple docket numbers. In particular, each notice of appeal contained the above-captioned docket number, CP-51-CR-0406041-2005. These appeals were docketed as 1300 EDA 2019 and 1301 EDA 2019, respectively. This resulted in the tortured procedural history that follows.

[Sanchez's] appellate rights be reinstated[,] *nunc pro tunc*[,] again. He argues that his "appellate rights were violated by prior counsel [who] failed to file an ***Anders*** brief requesting his withdrawal before the December 5, 2019 dismissal and also failed to notify [Sanchez] of . . . the appellate [d]ismissal."

On November 17, 2020, under docket 1300 EDA 2019, which also included [CP-51-CR-0406041-2005], the Superior Court affirmed [Sanchez]'s VOP sentence. In a footnote, the Superior Court noted "[t]he certified record for each trial court docket contains a notice of appeal listing both docket numbers. Although Sanchez included both trial court docket numbers on his separate appeals, this fact no longer requires quashal." ***Commonwealth v. Sanchez***[, 242 A.3d 425, *2 n.2 (Pa. Super. 2020) (citations omitted) (unpublished memorandum opinion)]. With respect to 1300 EDA 2019, prior counsel had filed an ***Anders*** brief asserting "that there were no non-frivolous issues that support an appeal in this case because Sanchez would be unable to establish that the trial court abused its discretion in sentencing him to six to twelve years in prison following his latest probation revocations." [***Id.*** at *5].

On July 1, 2021, the Commonwealth filed its Motion to Dismiss [Sanchez's third PCRA petition], arguing that "no relief is due because the Superior Court already reviewed and affirmed [Sanchez]'s VOP sentence on appeal." Motion to Dismiss, 7/1/21[, at 1.] On September 8, 2021, this [c]ourt sent [Sanchez] a [n]otice of [i]ntent to [d]ismiss [p]ursuant to [Pa.R.Crim.P.] 907. [Sanchez] did not respond to this notice. On October 7, 2021, this [c]ourt dismissed [Sanchez]'s petition based upon lack of merit. On October 25, 2021, [Sanchez] filed a [timely n]otice of [a]ppeal.

PCRA Court Opinion, 1/12/22, at 2-5 (unpaginated) (footnote added, some citations omitted).

The PCRA court did not order Sanchez to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Sanchez did not file one. Subsequently, on January 1, 2022, it became apparent to this Court that Sanchez's newest PCRA counsel, William Joseph Ciancaglini, Esquire, had

failed, on two occasions, to file timely docketing statements. *See* Order, 1/20/22, at 1. Accordingly, we remanded the matter, retaining jurisdiction and directing the PCRA court to determine whether Attorney Ciancaglini had abandoned Sanchez.[3] *Id.* On remand, the PCRA court removed Attorney Ciancaglini and appointed current PCRA appellate counsel, Matthew Francis Sullivan, Esquire. *See* Order, 3/23/22, at 1. Attorney Sullivan has since filed a compliant docketing statement, an *Anders* brief, and an application to withdraw. Sanchez has not retained private counsel or filed a *pro se* response.

Prior to reviewing the merits of Sanchez's claim, we must address Attorney Sullivan's motion to withdraw. Where counsel seeks to withdraw from PCRA representation, our Supreme Court has stated that independent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of: (1) a "no-merit" letter by PCRA counsel detailing the nature and extent of his review; (2) a "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed; (3) PCRA counsel's explanation, in the "no-merit" letter, as to why the petitioner's issues are meritless; (4) independent review of the record by the PCRA or appellate court; and (5) agreement by the PCRA or appellate court that the petition was meritless. *Commonwealth v. Pitts*, 981 A.2d

---

[3] By this Court's count, at least five attorneys have now abandoned Sanchez. *See Sanchez*, 242 A.3d 425 (Table) (Strassburger, J. concurring) (quoting Hall of Fame manager Casey Stengel who said of the hapless (40-120) expansion 1962 New York Mets, "Can't anybody here play this game?"). We emphasize our disapproval of the deficient representation Sanchez has been subjected to prior to this appeal.

875, 876 n.1 (Pa. 2009); **Commonwealth v. Rykard**, 55 A.3d 1177, 1184 (Pa. Super. 2012).

In **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006),[4] this Court imposed an additional requirement for counsel seeking to withdraw from collateral proceedings:

> PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed *pro se* or with the assistance of privately[-]retained counsel.

**Id.** at 614.

Here, counsel has substantially complied with the **Turner**/**Finley** and **Friend** requirements. Counsel has detailed the nature and extent of his review, served a copy of his petition to withdraw and appellate brief upon Sanchez, informed Sanchez of his right to proceed *pro se* or with privately retained counsel, has raised Sanchez's sole issue in his brief, and explained why Sanchez's claim is meritless. Thus, Attorney Sullivan has substantially complied with the procedural requirements for withdrawal, and we now turn to an independent review of the record to determine whether Sanchez's claim merits relief.

---

[4] This Court's holding **Friend** was subsequently overruled on other grounds by the Supreme Court in **Pitts**, **supra**. However, the additional requirement that counsel provide copies of the relevant documentation to the petitioner remains intact. **Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa. Super. 2011).

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010). In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. ***Id.*** The PCRA court's credibility determinations are binding on this Court where the record supports those determinations. ***Widgins***, 29 A.3d at 820.

Here, Sanchez contends that he was denied his direct appeal rights with regard to his case being dismissed at 1301 EDA 2019. ***Anders*** Brief, at 10-12. Sanchez argues that prior counsel's failure to file an appellate brief, and failure to notify Sanchez of the dismissal, constitutes abandonment. ***Id.*** at 13. Thus, Sanchez asserts that, at 1301 EDA 2019, his counsel's actions constituted *per se* ineffectiveness. ***Id.***

Sanchez's claim raises a challenge to prior PCRA counsel's effectiveness. Generally, counsel is presumed to be effective, and "the burden of demonstrating ineffectiveness rests on [the] appellant." ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this test, appellant is required to demonstrate that (1) his underlying claim is of arguable merit; (2) counsel's action or inaction lacked a reasonable strategic basis; and (3) but for counsel's conduct, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Rosado***,

150 A.3d 425, 429-30 (Pa. 2016) (internal citations and quotation marks omitted). "However, in limited circumstances, including the actual or constructive denial of counsel, prejudice may be so plain that the cost of litigating the issue of prejudice is unjustified, and a finding of ineffective assistance of counsel *per se* is warranted." **Id.** Generally, a failure to file an appellate brief is considered *per se* ineffective assistance of counsel. **See Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007) (holding PCRA counsel's failure to file appellate brief that resulted in dismissal of petitioner's appeal constituted abandonment for purposes of that appeal, an act which was *per se* prejudicial).

As we emphasized *supra*, we have significant concerns regarding the repeated abandonment by counsel that Sanchez has been subjected to throughout the life of this case. Nevertheless, we are constrained to affirm. Upon review of the record, we conclude that the facts and procedure of this case are distinct from those in **Bennett**. Instantly, Sanchez's prior PCRA counsel for his appeal at 1301 EDA 2019 failed to file an appellate brief, which resulted in dismissal of Sanchez's appeal. **See** Trial Court Opinion, 1/12/22, at 3-5; **see also Sanchez**, **supra**. Additionally, that same PCRA counsel failed to communicate said dismissal to Sanchez. **See** Trial Court Opinion, 1/12/22, at 4. Ordinarily, such a failure constitutes *per se* ineffectiveness. **See Bennett**, **supra**.

However, due to the above-described procedural morass, docket number CP-51-CR-0406041-2005 was simultaneously on appeal before this

Court at 1300 EDA 2019. *See Sanchez*, *supra*. In *Sanchez*, this Court addressed Sanchez's negotiated plea deal and his subsequent sentence, and ultimately affirmed his judgment of sentence.[5] *Id.* Because Sanchez's claim has already been addressed by this Court, we cannot conclude that prior PCRA counsel's blatant abandonment at 1301 EDA 2019 rises to the necessary prejudice that ordinarily results from the failure to file an appellate brief. Moreover, our decision is guided by the "law of the case doctrine," which states that "upon [a] second [or subsequent] appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court[.]" *Commonwealth v. Viglione*, 842 A.2d 454, 461-62 (Pa. Super. 2004). Accordingly, we are constrained to affirm the PCRA court's order, and grant Attorney Sullivan's application to withdraw.

Order affirmed. Application to withdraw granted. Jurisdiction relinquished.

---

[5] We note that in the instant amended PCRA petition on appeal before this Court, Sanchez does not specifically state what claims he would raise should his direct appeal rights be reinstated *nunc pro tunc*. *See* Amended PCRA Petition, 10/16/20. However, in his memorandum of law in support of his amended PCRA petition, he contends that he would challenge the discretionary aspects of his VOP sentence. *See* Memorandum of Law in Support of Amended PCRA Petition, 10/16/20, at 1-3 (unpaginated). This claim was expressly addressed—and rejected—in our prior memorandum at 1300 EDA 2019. *See Sanchez*, *supra*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2023